UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY CONDRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case no. 4:08cv0161 TCM |
| ) | |
| SERVICE EMPLOYEES ) | |
| INTERNATIONAL UNION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This employment action is before the Court[1] on the opposed motion of defendant Service Employees International Union ("SEIU")[2] to dismiss the amended complaint of plaintiff, Anthony Condra, for failure to state a claim on which relief can be granted. [Doc. 24] See Fed.R.Civ.P. 12(b)(6).

## Background

This case has its origins in a suit filed pro se by Plaintiff in state court and removed by the originally-named defendants, see note 2, supra, to this Court on the grounds of federal question jurisdiction. See 28 U.S.C. §§ 1441(b), 1443. Specifically, Plaintiff alleged in his complaint that he has been discriminated against by defendants because of his race, African-

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]Andrew Stern, Tom Woodruff, Grant Williams, Kirk Adams, and Lenny Jones were also named as defendants in the first, pro se complaint. They were not named in the amended complaint and have since been dismissed without prejudice.

American. Attached to the complaint were several exhibits, including a Charge of Discrimination jointly filed with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC") in February 2007.

Plaintiff then retained counsel and filed a two-count amended complaint. He names only one defendant in that complaint, SEIU. He alleges that SEIU is an employer within the meaning of 42 U.S.C. § 2000e and that he was employed by SEIU until June 30, 2004. (Am. Compl. ¶¶ 3-4.) In Count I, he further alleges that he signed a sworn affidavit in May 2003 in support of two former SEIU employees in their discrimination suit against SEIU. (Id. ¶ 10.) Before this affidavit, SEIU had agreed to compensate for him accrued unused vacation and leave time. (Id. ¶ 12.) After this affidavit, SEIU refused to honor this agreement. (Id. ¶ 13.) This refusal was in retaliation for his affidavit and is in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) to 2000e(17). (Id. ¶ 14.) In Count II, Plaintiff alleges that SEIU's retaliatory breach of agreement also violates 42 U.S.C § 1981.

In its motion to dismiss, SEIU argues that (a) Plaintiff's Title VII claim is time-barred and (b) his § 1981 claim fails because that provision provides no cause of action for retaliation or, alternatively, his § 1981 claim (i) is barred by the applicable four-year statute of limitations and (ii) lacks merit because Plaintiff waived any claims for unpaid benefits when he signed a general release in February 2004. These alternative arguments are supported by exhibits attached to SEIU's memorandum in support of its motion to dismiss. SEIU acknowledges that its alternative argument on the merits is more appropriate for

summary judgment and requests that, if it does not prevail on its other § 1981 arguments, the Court convert its motion to dismiss and into a motion for summary judgment.

Plaintiff counters that SEIU's failure to respond to his December 2006 demand letter for the unpaid benefits constitutes a continuing violation and, therefore, neither his § 1981 claim nor his Title VII claim are time-barred. He also notes, as did SEIU, that the issue of whether a retaliation claim can be brought under § 1981 is before the Supreme Court. In its reply, SEIU acknowledges that the Supreme Court has since ruled that an employment retaliation claim is cognizable under § 1981. See **CBOCS West, Inc. v. Humphries**, 128 S.Ct. 1951, 1954-55 (2008).

Because the Court declines to convert the motion to dismiss into a motion for summary judgment, see pages 7 and 8, infra, it will reach only the issue of whether the Title VII and § 1981 claims are time-barred.

### Discussion

Count I: Title VII Claim. "There is a 'long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" **Harris v. P.A.M. Transp., Inc.**, 339 F.3d 635, 638 (8th Cir. 2003) (quoting Myers v. Bethlehem Shipbuilding Co., 303 U.S. 41, 50-51 (1938)). In Title VII claims, 42 U.S.C. § 2000e-5(e)(1) mandates that in cases where a person aggrieved by an unlawful employment practice has initially filed a charge of discrimination with the State agency, "such charge shall be filed by or on behalf of the

person aggrieved within three hundred days after the alleged unlawful employment practice occurred." See **Tademe v. St. Cloud State Univ.**, 328 F.3d 982, 987 (8th Cir. 2003) (noting that under § 2000e-5(e), statute of limitations for Title VII action is 300 days and begins to run from date of violation); see also **Shannon v. Ford Motor Co.**, 72 F.3d 678, 685-86 (8th Cir. 1996) (affirming dismissal of failure-to-promote discrimination claim on the grounds that Missouri plaintiff had not filed timely charge of discrimination with EEOC and, therefore, had failed to exhaust required administrative remedies). Plaintiff argues, however, that under the continuing violations doctrine his February 2007 charge of a retaliatory breach of agreement in June 2004 is not untimely.

"The continuing violation doctrine . . . allows a[n employment discrimination] plaintiff to avoid the running of the statute of limitations." **Taxi Connection v. Dakota, Minn. & Eastern R.R. Corp.**, 513 F.3d 823, 825 (8th Cir. 2008). "Thus, each individual discriminatory act which is part of a continuing violation triggers anew the time period for reporting the entire pattern of discrimination as long as at least one incident of discrimination occurred within the limitations period.'" **Id.** (quoting Smith v. Ashland, Inc., 250 F.3d 1167, 1172 (8th Cir. 2001)). The Supreme Court has "repeatedly interpreted the term [unlawful employment] 'practice' to apply to a discrete act or single 'occurrence,' even when it has a connection to other acts." **Nat'l R.R. Passenger Corp. v. Morgan**, 536 U.S. 101, 111 (2002). Thus, "'[d]iscrete acts that fall within the statutory time period do not make timely

acts that fall outside the time period.'" **Wedow v. City of Kansas City, Mo.**, 442 F.3d 661, 670 (8th Cir. 2006) (quoting Morgan, 536 U.S. at 112).

In **Taxi Connection**, the Eighth Circuit Court of Appeals rejected an argument that the defendant's use of other taxi companies was a continuing violation of its discriminatory act of terminating the plaintiff's contract, holding that such use was a consequence of the earlier alleged violation and not part of a continuing discriminatory practice. 513 F.3d at 826. And, in **Woodland v. Joseph T. Ryerson & Son, Inc.**, 302 F.3d 839, 842 (8th Cir. 2002), the court rejected the plaintiff's argument that his lack of seniority, with resulting loss of promotion and overtime hours, was a continuing violation of the discriminatory failure to hire him two years earlier. Instead, the complained-of losses "were adverse consequences of a single alleged act of discrimination, the [earlier] refusal to hire." **Id.**

In the instant case, Plaintiff complains of a discrete act, the alleged failure to honor an agreement to pay him for certain leave, done in retaliation for evidence he gave in other former employees's discrimination lawsuit against SEIU. According to the allegations of his complaint, this discrete act took place in June 2004. He argues that SEIU's failure to respond to an unsolicited demand letter from him in December 2006 is part of a continuing violation. This argument is unavailing because there is no act by SEIU. Its failure to respond to an act of Plaintiff – the demand letter – is not act by it. To hold otherwise, would vitiate the statute of limitations in § 2000e-5(e) by allowing a plaintiff to purse an otherwise untimely charge of discrimination by the simple act of demanding that the defendant remedy a past violation.

Additionally, even if SEIU had affirmatively rejected Plaintiff's demand, its action would be a consequence of the 2004 alleged discriminatory act and would not start the statute of limitations running anew.

Because Plaintiff's Title VII claim is untimely, Count I will be dismissed.

Count II: Section 1981 Claim. SEIU argues that Plaintiff's § 1981 claims are barred by the four-year catchall limitations period of 28 U.S.C. § 1658(a).[3] Plaintiff filed his pro se complaint in November 2006, alleging that SEIU's actions were discriminatory and a breach of contract. As noted above, SEIU removed the case to federal court on the grounds that the complaint stated a claim under Title VII. Plaintiff's amended complaint citing § 1981 was filed in April 2008.

The Supreme Court held in **Jones v. R.R. Donnelley & Sons Co.**, 541 U.S. 369 (2004), that a claim under § 1981 is subject to this four-year limitation period if it was not available until after December 1, 1990. **Id.** at 382. Amendments to § 1981 in 1991 "defin[ed] the key 'make and enforce contracts' language in § 1981 to include the 'termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" **Id.** at 383 (quoting § 1981(b)). If the cause of action was possible under § 1981 before the 1991 amendments, "the applicable statute of limitation governing [a] plaintiff['s] action under § 1981 is the five-year statute provided in Mo.Rev.Stat.

---

[3]Section 1658(a) provides that, "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action."

§ 516.120 for breach of written contracts . . . ." **Allen v. Amalgamated Transit Union Local 788**, 554 F.2d 876, 880 (8th Cir. 1977); accord **Barfield v. Anheuser Busch**, 815 F.2d 516, 517 (8th Cir. 1987) (per curiam).

Before the 1991 Amendments, the Supreme Court had held in **Patterson v. McLean Credit Union**, 491 U.S. 164 (1989), that § 1981 "prohibits racial discrimination in the making and enforcement of private contracts." **Id.** at 171. In **Allen**, fifteen black members of a union sued the union under § 1981, alleging racial discrimination in the enforcement of the collective bargaining agreement. 554 F.2d at 878. In **Humphries**, the Supreme Court noted that its holding that retaliation claims were cognizable under §1981 "rest[ed] in significant part upon principles of *stare decisis*." 128 S.Ct. at 1955. The prior law included case law decided in 1969 and 1976. **Id.** at 1957. "[T]he view that § 1981 encompasses retaliation claims is well embedded in the law." **Id.** at 1958.[4]

In the instant case, Plaintiff is alleging illegal retaliation in the enforcement of his agreement with SEIU. If the five-year statute of limitations applies, his § 1981 claim is clearly timely. If the four-year statute of limitations applies, his § 1981 claim may be timely if the breach occurred, as has been alleged in June 2004. Based on these allegations, see **McAuley v. Federal Ins. Co.**, 500 F.3d 784, 787 (8th Cir. 2007) (in ruling on Rule 12(b)(6)

---

[4]The Court noted that its **Patterson** decision did not mention retaliation.

motion to dismiss, district court must accept all factual allegations in complaint as true), the Court finds that Plaintiff's § 1981 claim is timely filed.[5]

Further arguing that it is entitled to summary judgment on the merits of Plaintiff's § 1981 claim, Defendant attaches several exhibits to its motion and requests that the Court convert its motion to dismiss to a motion for summary judgment. Rule 12(e) provides that if, on a Rule 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion." Fed.R.Civ.P. 12(e). In his response to the motion to dismiss, Plaintiff neither addresses SEIU's request for conversion nor responds to the additional matters or allegations submitted in support of SEIU's request for summary judgment. Under the circumstances of this case, the Court declines to convert the motion to dismiss to a motion for summary judgment.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion to dismiss of Service Employees International Union is **GRANTED** in part and **DENIED** in part. [Doc. 24] It is GRANTED as to Count I and DENIED as to Count II.

---

[5] Were the Court to hold otherwise, it would address the question whether Plaintiff's seminal pro se complaint, which must be liberally construed, stated a claim under § 1981 or whether the amended complaint related back to that seminal complaint. Neither party has addressed either question.

**IT IS FURTHER ORDERED** that this case is removed from the trial docket beginning **March 30, 2009**.

**IT IS FURTHER ORDERED** that a status conference shall be held in the case in chambers on **Thursday, March 12, 2009**, at **10:30 a.m.** to discuss a new trial date and revised deadlines for discovery, the filing of dispositive motions, and alternative dispute resolution.

**IT IS FINALLY ORDERED** that Defendant's Motion to Modify Case Management Order is **DENIED** as moot. [Doc. 30]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of February, 2009.